# THE COURTS

## Title 204—JUDICIAL SYSTEM GENERAL PROVISIONS

### PART V.  PROFESSIONAL ETHICS AND CONDUCT

### [ 204 PA. CODE CH. 81 ]

**Preamble: Statement of Purpose**

The Minor Judiciary Interest on Trust Accounts Program (the ''MJ-IOTA Program'') was established by Order of the Supreme Court of Pennsylvania dated August 3, 2004. The judges and justices of all courts created pursuant to Article V, Sections 6 and 7 of the Pennsylvania Constitution are subject to MJ-IOTA. These include Magisterial District Judges, judges of the Philadelphia Municipal Court, judges of the **[Traffic Court of Philadelphia] Philadelphia Municipal Court, Traffic Division (assuming the jurisdiction and functions of the former Traffic Court of Philadelphia)** and judges of the **[Pittsburgh Magistrates] Pittsburgh Municipal Court (judicial unit assigned matters that were formerly within the jurisdiction of the Pittsburgh Magistrates)**.

The MJ-IOTA Program generates income where formerly there was none. This income aids the citizens of the Commonwealth of Pennsylvania. **[Interest] Income** earned on MJ-IOTA **[accounts] Accounts** may be used only for educational legal clinical programs and internships administered by law schools located in Pennsylvania, delivery of civil legal assistance to the poor and disadvantaged in Pennsylvania by non-profit corporations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, and for the administration and development of the MJ-IOTA **[program] Program**.

§ 81.301. Minor Judiciary Interest on Trust Accounts Program.

 (a)  All [**qualified funds] Qualified Funds** received by a judge, magistrate or **Magisterial District Judge [district justice]** (hereinafter **Judicial Official [judicial official]**) in the administration of his/her duties shall be placed in a Minor Judiciary Interest on Trust Account (**hereinafter** MJ-IOTA **Account**) [**Account**.] **as defined in paragraph (c) below; such Qualified Funds placed in MJ-IOTA Accounts are referred to hereinafter as MJ-IOTA Funds.**  This rule does not change existing practices with respect to funds (other than [**qualified funds] Qualified Funds**) received by a **Judicial Official [judicial official]** in the administration of his/her duties.

 (b)  **Qualified Funds [Qualified funds]** are monies received by a **Judicial Official [judicial official]** in a **Custodial Capacity [custodial capacity]** that, in the **Good Faith [good faith]** judgment of the **Judicial Official [judicial official]**, are nominal in amount or are reasonably

expected to be held for such a short period of time that sufficient **[interest]** income will not be generated to justify the expense of earning **[interest]** __income__ to benefit the owner of the funds.

(c)  **[A]** __An__ MJ-IOTA __Account__ is an unsegregated interest-bearing account with a **[depository institution]** __Depository Institution__ for the deposit of __Qualified Funds__ [qualified funds] maintained by a __Judicial Official [judicial official]__. An account shall not be considered an MJ-IOTA Account unless the **[depository institution]** __Depository Institution__ at which the account is maintained shall:

(1)  Remit monthly any **[interest]** __income__ earned on the account to the **[IOLTA Board]** __Interest on Lawyers Trust Account Board of the Supreme Court of Pennsylvania (hereinafter the IOLTA Board)__, or if that is not possible, remit the **[interest]** __income__ earned at least quarterly.

(2)  Transmit to the IOLTA Board with each remittance a statement showing [**at least**] __not less than the following information:__ the name of the account**[,]; the** account number**[,]; the** service charges __and/or [or]__ fees deducted, if any**[,];** the amount of **[interest]** __income__ remitted from the account**[,];** and if available, the average daily collected balance in the account for the period reported.

(3)  Compute the rate of interest __or dividend__ paid on __an__ MJ-IOTA __Account [Accounts]__ at no less than the highest rate of interest __or dividend__ generally available from the [**depository institution**] __Depository Institution__ to non-MJ-IOTA [**depositors**] __customers__ when __the__ MJ-IOTA __Account [Accounts meet or exceed] meets__ the same minimum balance or other account eligibility qualifications **[as other non-MJ-IOTA depositors. In no event shall the rate of interest payable on MJ-IOTA accounts be less than the rate paid by the depository institution on negotiable order of withdrawal accounts or super negotiable order of withdrawal accounts]**.

(4)  **[The accounts must be collateralized by**] __Collateralize the account with__ the assets of the [**banks**] __Depository Institution__ in accordance __with current practice and__ Act 72 of 1971.

(d)  The MJ-IOTA Program shall be administered by the IOLTA Board. Disbursement and allocation of MJ-IOTA **[funds]** __Funds__ shall be subject to the prior approval of the Supreme Court __of Pennsylvania (hereinafter the Court)__. A copy of the IOLTA Board's proposed annual budget will be provided to the Court, designating the uses to which MJ-IOTA __funds [Funds]__ are recommended. The IOLTA Board shall submit to the **[Supreme]** Court a copy of its audited statement of financial affairs, clearly setting forth in detail all funds previously approved for disbursement under the MJ-IOTA Program.

**[Interest]** __Income__ earned on MJ-IOTA Accounts may be used only for the following purposes:

(1)  educational legal clinical programs and internships administered by law schools located in Pennsylvania, with emphasis given to providing grants to these programs such that the total funding they receive from the IOLTA Board is relatively stable and reasonably predictable from year to year in accordance with the allocation plan approved by the Court:

(2) delivery of civil legal assistance to the poor and disadvantaged in Pennsylvania by non-profit corporations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended; and

(3) administration and development of the MJ-IOTA **Program [program]** in Pennsylvania.

(e) The IOLTA Board shall hold the beneficial interest in MJ-IOTA Funds. Monies received in the MJ-IOTA **Program [program]** are not state or federal funds and are not subject to Article VI of the Act of April 9, 1929 (P. L. 177, No. 175) known as the Administrative Code of 1929, or the Act of June 29, 1976 (P. L. 469, No. 117).

§ 81.302. Definitions.

The following words and phrases when used in these **[regulations] Regulations** shall have the meanings given to them in this section unless the context clearly indicates otherwise:

*AOPC.* The Administrative Office of Pennsylvania Courts.

*AOPC Magisterial District Judge Case Reporting System.* The computerized docket activity tracking and accounting system developed by the AOPC for use by the Magisterial District Judges throughout the state.

*Beneficial Owner.* The third party whose funds are in the custody of a **Judicial Official [judicial official]**.

[*Board*. **The Pennsylvania Interest on Lawyer Trust Account Board.**]

*Comparability Guidance***. Guidance developed and updated from time to time by the IOLTA Board which addresses how Depository Institutions should determine the comparable interest or dividend rate to be applied to MJ-IOTA Accounts. This guidance is made available online at www.paiolta.org and may also be obtained by writing to the IOLTA Board at P.O. Box 62445, Harrisburg, PA 17106-2445.**

*Custodial Account.* Any account maintained in a **Depository Institution [depository institution]** in which or with respect to which a **Judicial Official [judicial official]** holds the funds of a **Beneficial Owner [beneficial owner]**.

*Custodial Capacity.* The capacity in which the **Judicial Official [judicial official]** holds funds of a **Beneficial Owner [beneficial owner]** received by a **Judicial Official [judicial official]** in his or her capacity as a **Judicial Official [judicial official]**.

*Custodial Funds.* Funds, whether cash, check, money order, or other negotiable instrument, received by a **Judicial Official [judicial official]** in his or her capacity as a **Judicial Official [judicial official]**.

*Depository Institution.* A financial institution in which a **[member of the minor judiciary]**

3

**Judicial Official** holds funds of **Beneficial Owners [beneficial owners]** in a **Custodial Account [custodial account]**.

*Good Faith*. Honesty in fact in the conduct or transaction concerned.

*IOLTA Board*. **The Pennsylvania Interest on Lawyers Trust Account Board.**

*Judicial Official*. Each judge and justice of all courts created pursuant to Article V, Sections 6 and 7 of the Pennsylvania Constitution are judicial officials. These include Magisterial District Judges, judges of the Philadelphia Municipal Court, judges of the **[Traffic Court of Philadelphia] Philadelphia Municipal Court, Traffic Division** and judges of the Pittsburgh **[Magistrates] Municipal** Court.

*MJ-IOTA Account*. An un-segregated **[interest-bearing] income-producing** account with a **Depository Institution [depository institution]** for the deposit of **Qualified Funds [qualified funds]** by a **Judicial Official [judicial official]**, the **[interest] income** from which is beneficially owned by the **IOLTA** Board.

*MJ-IOTA Order*. The Order of the Supreme Court of Pennsylvania dated August 3, 2004 which established the Minor Judiciary Interest on Trust Account Program.

*Qualified Funds*. Funds, whether cash, check, money order, or other negotiable instrument received by a **Judicial Official [judicial official]** in his or her capacity as a **Judicial Official [judicial official]** which, in the **Good Faith [good faith]** judgment of the **Judicial Official [judicial official]**, are nominal in amount or are reasonably expected to be held for such a short period of time that sufficient **[interest]** income will not be generated to justify the expense of earning **[interest] income** to benefit the **Beneficial Owner [beneficial owner]** of the funds.

*Regulations*. These regulations adopted by the **IOLTA** Board, and approved by the Supreme Court of Pennsylvania, as they may be amended from time to time.

§ 81.303. Scope.

 The MJ-IOTA **Program [program]** applies to each **Custodial Account [custodial account]** maintained by, or on behalf of, a **Judicial Official [judicial official]** in the performance of his or her official duties.

§ 81.304. Custodial Funds.

 (a)  Custodial **Funds [funds]** must be deposited in a **Custodial Account [custodial account]**.

 (b)  Qualified **Funds [funds]** are **Custodial Funds [custodial funds]** that, in the **Good Faith [good faith]** judgment of the **Judicial Official [judicial official]**, are nominal in amount or are reasonably expected to be held for such a short period of time that sufficient **[interest]** income will not be generated to justify the expense of earning **[interest] income** to benefit the **Beneficial Owner [beneficial owner]** of the funds. With few exceptions, **Custodial Funds [custodial**

4

**funds]** handled by **Judicial Officials [judicial officials]** will be **[qualified funds] Qualified Funds**.

(c) The **Judicial Official [judicial official]**, in the exercise of **Good Faith [good faith]** judgment, should apply an economic benefits test to determine whether particular **Custodial Funds [custodial funds]** are not **Qualified Funds [qualified funds]** and hence the **Beneficial Owner [beneficial owner]** of the funds should receive **the [interest] income** on those funds.

(1) If the anticipated cost of administering a segregated account for the benefit of the **Beneficial Owner [beneficial owner]** of the funds is more than the **[interest] income** expected to be generated on the funds, then the funds are **Qualified Funds [qualified funds]**.

(2) **Custodial Funds [custodial funds]** that when considered alone are not large enough to earn **[interest] income** for the **Beneficial Owner [beneficial owner]** thereof are **Qualified Funds [qualified funds]**.

(3) Funds which are not expected to be held for a sufficient time to provide **[interest] income** for the **Beneficial Owner [beneficial owner]** are **Qualified Funds [qualified funds]**.

(d) Factors which should be used to determine whether **Custodial Funds [custodial funds]** are **Qualified Funds [qualified funds]** include:

(1) the cost of establishing and maintaining separate account(s) benefiting **Beneficial Owners [beneficial owners]**;

(2) the account and bank service charges of the **Depository Institution [depository institution]** in which the account is maintained;

(3) the minimum deposit requirements of the **Depository Institution [depository institution]** in which the account is maintained;

(4) accounting fees incurred in connection with the funds;

(5) tax reporting requirement costs incurred in connection with the funds; and

(6) the length of time the funds are expected to be on deposit and the rate of interest **or dividend** that will be earned on the funds.

(e) Examples of **Qualified Funds [qualified funds]** include:

(1) funds collected which represent fines and costs that are awaiting payment to the appropriate governmental entity;

(2) funds collected which represent posting of collateral by individuals who plead not guilty to a charged offense, unless those funds are of such a magnitude that the costs of administering a

separate account for those funds, including service charges and other charges, will be less than the **[interest] income** anticipated to be earned;

(3)  funds collected which represent posting of bail by or on behalf of an individual awaiting a hearing, unless those funds are of such a magnitude that the costs of administering a separate account for those funds, including service charges and other charges, will be less than the **[interest] income** anticipated to be earned;

(4)  funds collected which represent restitution to victims pending the payment of the funds to the victims; and

(5)  funds collected which represent payment of filing fees and other costs pending payment to the appropriate persons or entities.

§ 81.305. Special Provisions Applicable to Custodial Accounts of Magisterial District Judges.

(a)  Each **Magisterial District Judge** [**magisterial district judge]** must use the statewide computerized reporting system of the AOPC for reporting all transactions which occur through his or her **[custodial account] Custodial Account**. As of the date of these **[regulations] Regulations**, the AOPC Magisterial District Judge **Case Reporting System [case reporting system]** is incapable of handling more than one **Custodial Account [custodial account]** per **Magisterial District Judge** [**magisterial district judge]**, meaning that each **Magisterial District Judge** [**magisterial district judge]** may maintain only one **Custodial Account [custodial account]**.

(b)  Custodial **Funds [funds]** received by a **Magisterial District Judge** [**magisterial district judge]** will generally be **Qualified Funds [qualified funds]**. Magisterial District Judges, however, may determine that particular **Custodial Funds [custodial funds]** received are not, in fact, **Qualified Funds [qualified funds]**, applying the criteria set forth in § 81.304.

(c)  Each **Magisterial District Judge** [**magisterial district judge]** is permitted to exercise his or her judgment as to whether **Custodial Funds [custodial funds]** received by that **Magisterial District Judge** [**magisterial district judge]** are **Qualified Funds [qualified funds]**. If, in the **Good Faith [good faith]** judgment of the **Magisterial District Judge** [**magisterial district judge]**, **Custodial Funds [custodial funds]**  are not **Qualified Funds [qualified funds]**, the **Magisterial District Judge** [**magisterial district judge]** may request a refund of **[interest] income** with respect to those **Custodial Funds [custodial funds]**. See § 81.308—Refunds.

(d)  If, in the future, the AOPC **Magisterial District Judge Case Reporting System [magisterial district judge case reporting system]** permits handling of multiple **Custodial Accounts [custodial accounts]** for each **Magisterial District Judge** [**magisterial district judge]**, the provisions of this section shall no longer apply, although **Magisterial District Judges** [**magisterial district judges]** shall remain subject to the remaining provisions of these **[regulations] Regulations**.

§ 81.306. Requirements Applicable to MJ-IOTA Accounts.

6

(a)  Unless an exemption has been granted to the **Judicial Official** [judicial official], each **Judicial Official** [judicial official] shall establish **[a] an** MJ-IOTA **Account** [account] at the **Depository Institution** [depository institution] of his or her choice**, provided that the Depository Institution complies with the MJ-IOTA Regulations**. If local county policies and procedures concerning accounts established by the **Judicial Official** [judicial official] exist, nothing herein shall be construed as relieving the **Judicial Official** [judicial official] of complying with such policies and procedures, except to the extent inconsistent herewith.

(b)  In order to qualify **an account** as **[a] an** MJ-IOTA Account, the **Depository Institution** [depository institution] must**[:] satisfy the requirements set forth in Section 81.301(c) above.**

   [**(1)  Remit monthly any interest earned on the account to the Board, or if that is not possible, remit the interest earned at least quarterly; and**]

   [**(2)  Transmit to the Board with each remittance a statement showing not less than the following information: the name of the account, the account number, the service charges and/or fees deducted, if any, from the account, the amount of interest remitted from the account, and if available, the average daily collected balance in the account for the period reported.**]

(c)  The following additional requirements apply to MJ-IOTA **Accounts** [accounts]:

   [**(1)  The rate of interest paid on MJ-IOTA Accounts shall be not less than the highest rate of interest generally available from the depository institution to depositors generally for accounts with the same minimum balance and other account eligibility requirements.**]

   [**(2)  Under no circumstances may the rate of interest payable on a MJ-IOTA account be less than the rate paid by the depository institution on negotiable order of withdrawal accounts or super negotiable order of withdrawal accounts.**]

   [**(3)  The accounts must continue to be collateralized by the assets of the depository institution in accordance with current practice and Act 72 of 1971.**]

   **(1)  A Depository Institution shall submit to the IOLTA Board for review and approval a Compliance Certification Form, which identifies the rate of interest or dividend to be provided for MJ-IOTA Accounts and certifies the Depository Institution's compliance with the MJ-IOTA Regulations and the IOLTA Board's Comparability Guidance.  Prior to changing a rate that was previously approved by the IOLTA Board, or when the rates for comparable products exceed the rate listed in the Depository Institution's most recently approved Compliance Certification Form, the Depository Institution shall submit a new Compliance Certification Form to the IOLTA Board for review and approval.**

   **(2)  Depository Institutions shall grant requests by the IOLTA Board to recover income that was not remitted to the IOLTA Board, in accordance with the Depository Institution's most recently approved Compliance Certification Form, during the twelve months preceding the IOLTA Board's request.**

(d)  Depository **Institutions [institutions]** may impose reasonable service charges for the administration of MJ-IOTA **Accounts [accounts]**.

   (1)  A **Depository Institution [depository institution]** may deduct service charges such as maintenance fees and transaction charges against the amount of **[interest] income** to be paid on the MJ-IOTA **Account [account]** to which service charges apply.

   (2)  All costs associated with check printing, overdraft charges, charges for a temporary extension of credit**, stopped payments, certified checks, wire transfers** and similar bank charges shall not be assessed against **[funds] Qualified Funds** in or **[interest] income** earned on **[a] an** MJ-IOTA **Account [account]**.

   **[(3)  All costs for services such as overdrafts on deposited items, stopped payments, certified checks, and wire transfers shall not be assessed against funds in or interest earned on a MJ-IOTA account.]**

 § 81.307. Exemptions from MJ-IOTA Participation.

 (a)  The **IOLTA** Board may grant exemptions from participation in the MJ-IOTA Program. Exemptions are not automatic. The **IOLTA** Board may declare a **Judicial Official [judicial official]** exempt from the requirements of maintaining **[a] an** MJ-IOTA **Account [account]**. Alternatively, a **Judicial Official [judicial official]** may submit a written request for exemption. All requests by a **Judicial Official [judicial official]** must be made on the **Judicial Official's [judicial official's]** official letterhead, and all requests must set forth in reasonable detail the basis for the requested exemption.

 (b)  Exemptions may be granted only with respect to the maintenance of **[a] an** MJ-IOTA **Account [account]** for **Qualified Funds [qualified funds]**. The **IOLTA** Board is not empowered to handle other types of exemptions. Judicial **Officials [officials]** exempt from maintenance of **[a] an** MJ-IOTA **Account [account]** are reminded that the **Judicial Official [judicial official]** remains subject to other requirements pertaining to **Custodial Funds [custodial funds]**.

 (c)  Exemptions will be routinely granted in the following situations:

   (1)  Low balance account: Any **Custodial Account [custodial account]** which historically, generally based upon 12 consecutive months of activity, has an average daily balance of three thousand five hundred ($3,500) Dollars or less will be exempt from being **[a] an** MJ-IOTA **Account [account]**. The **IOLTA** Board may exempt from **the** MJ-IOTA **Program**, without application, a low balance account. A **Judicial Official [judicial official]** requesting an exemption based on a low balance account must, as a part of the written request for exemption, include an account analysis or written statement that demonstrates the amount of the average daily balance.

   (2)  Account service charges routinely exceed **[interest] income**: Some **Custodial Accounts [custodial accounts]** may have an average daily balance of more than $3,500, but account

service charges routinely exceed **the [interest] income** earned on the account. A **Judicial Official [judicial official]** requesting an exemption under this subsection, as part of the written request for exemption, must include an account analysis or written statement that clearly shows the **[interest] income** earned, or the **[interest] income** that would have been earned, on the account each month for the past 12 months, plus the account service charges imposed on the account for each of the last 12 months. Only account-related service charges will be considered for the purpose of whether an exemption will be granted.

(3)  Extreme impracticality: Under limited circumstances it may be unduly burdensome for a **Judicial Official [judicial official]** to maintain **[a] an** MJ-IOTA **Account [account]**. When claiming undue hardship, the **Judicial Official [judicial official]** should provide appropriate detail demonstrating undue hardship. An example includes the lack of a **Depository Institution [depository institution]** that offers MJ-IOTA **Accounts [accounts]** in the **Judicial Official's [judicial official's]** geographical location.

(4)  Other compelling and necessitous reasons: A **Judicial Official [judicial official]** who demonstrates a compelling and necessitous reason for not complying with **the** MJ-IOTA **Program** may request an exemption. A philosophical objection to **the** MJ-IOTA **Program** does not constitute a compelling and necessitous reason for an exemption.

(d)  If the **IOLTA** Board denies a **Judicial Official's [judicial official's]** request for an exemption from maintenance of **[a] an** MJ-IOTA **Account [account]**, the **Judicial Official [judicial official]** may, within 30 days of written notice of denial from the **IOLTA** Board, request in writing a reconsideration of the **IOLTA** Board's decision. All requests for reconsideration shall set forth in detail additional facts, if any, not brought before the **IOLTA** Board in the request for exemption, as well as the reasons, if any, why an exemption should be granted.

(e)  If the **IOLTA** Board has determined that a **Judicial Official's [judicial official's] Custodial Account [custodial account]** is exempt from **the** MJ-IOTA **[status] Program**, the **Judicial Official [judicial official]** may, within 30 days of written notice from the **IOLTA** Board that the **Judicial Official [judicial official]** is exempt, request in writing a reconsideration of the **IOLTA** Board's decision. All requests for reconsideration shall set forth in detail facts, if any, why the **Judicial Official [judicial official]** should maintain **[a] an** MJ-IOTA **Account [account]**, and the manner, if any, in which the **IOLTA** Board and the purposes of the MJ-IOTA **Program [program]** will **be [by]** furthered by the **Judicial Official's [judicial official's]** maintenance of **[a] an** MJ-IOTA **Account [account]**.

(f)  Notice shall be deemed to have been given to a **Judicial Official [judicial official]** under the provisions of this Section upon the deposit by the **IOLTA** Board, postage prepaid, with the United States Postal Service of its written determination regarding the exemption, if any, of the **Judicial Official [judicial official]** from the MJ-IOTA Program.

(g)  The **IOLTA** Board may delegate to its staff or to a committee of the **IOLTA** Board the authority to determine exemptions from **the** MJ-IOTA **Program** or to reconsider exemption denials or determinations.

§ 81.308. Refunds.

 (a)  [**Upon application of a judicial official, the**] **The IOLTA** Board may return **[interest] income** paid to [**it**] **the IOLTA Board under certain circumstances**. For example, if a **Judicial Official** [**judicial official**] mistakenly places **Custodial Funds** [**custodial funds**] which are not **Qualified Funds** [**qualified funds**] in an MJ-IOTA [**account,**] **Account, then the Judicial Official may apply to the IOLTA Board for a refund of the** [**interest earned on those funds may be refunded**] **income paid to the IOLTA Board**.

 (b)  At the time of the issuance of these **[regulations] Regulations**, all **Custodial Funds** [**custodial funds**] handled by Magisterial District Judges are anticipated to be **Qualified Funds** [**qualified funds**]. Magisterial District Judges occasionally may determine that certain **Custodial Funds** [**custodial funds**] maintained in their **Custodial Account** [**custodial account**] do not meet this presumption, and are not **Qualified Funds** [**qualified funds**]. Upon application of the Magisterial District Judge, the **IOLTA** Board may return **[interest] income** paid to it applicable to the funds which were not **Qualified Funds** [**qualified funds**].

 (c)  The following guidelines apply to requests for **a** refund of **[interest] income**:

  (1)  **[All requests] Requests** by a **Judicial Official** [**judicial official**] must be made on the **Judicial Official's** [**judicial official's**] official letterhead, and all requests must set forth in reasonable detail the basis for the requested refund**[;].**

  (2)  **[The request] Requests** must be accompanied by verification of the **[interest] income** paid with respect to the funds mistakenly placed in the MJ-IOTA **Account** [**account**]. Verification must be made by the **Depository Institution** [**depository institution**] in which the MJ-IOTA **Account** [**account**] is maintained. As needed for auditing purposes, the **IOLTA** Board may request additional documentation**[;].**

  [(**3**)  **The request must be made within six months after the beneficial owner's funds have been disbursed from the MJ- IOTA account;**]

  **(3)  The IOLTA Board will only consider requests where the income to be refunded was received by the IOLTA Board during the twelve-month period prior to the IOLTA Board receiving the written request for a refund.**

  (4)  Refunds will be remitted **[to the beneficial owner] through the Depository Institution that transmitted the income to the IOLTA Board unless an alternative method is requested** and **[the Board will issue an IRS (Internal Revenue Service) form 1099 to the beneficial owner;] agreed to by the IOLTA Board.**

  (5)  If the **Depository Institution** [**depository institution**] has imposed a service charge with respect to the MJ-IOTA **Account** [**account**], only the net amount of **[interest] income** paid to the **IOLTA** Board (i.e., the **[interest] income** reduced by applicable service charges) will be refunded[**; and**]**.**

(6)  The **IOLTA** Board may impose and deduct a processing charge from the refund.